MARY THOMPSON, as Administratrix, etc., of JAMES THOMPSON, Deceased, Respondent, v. SAMUEL FISCHER, Appellant, Impleaded with FRANCIS C. FERGUSON, Defendant.

Second Department, July 24, 1919.

Motor vehicles — negligence — collision between two automobiles at street intersection — when instruction that defendant was obligated, as matter of law, to give warning of approach to street intersection constitutes reversible error.

Where, in an action for personal injuries resulting from a collision in the night time at the intersection of two streets in the borough of Brooklyn between two automobiles operated by the defendants, it was conceded that the collision was occasioned by the negligence of one of the defendants, and the contest was between them, and there was an irreconcilable conflict in the testimony of the defendants as to rate of speed, warning and the relative position of the automobiles as they reached the street intersection, it was reversible error for the court to instruct the jury that there was an obligation on the defendant, as matter of law, to give some warning of the approach of his automobile to the street intersection.

Under such an instruction the jury may have based its finding of negligence against said defendant solely upon their conclusion that he did not sound his automobile horn without reference to the other circumstances attendant upon the collision.

APPEAL by the defendant, Samuel Fischer, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 13th day of March, 1919, upon the verdict of a jury for $15,000, and also from an order entered in said clerk's office on the 20th day of March, 1919, denying defendant's motion for a new trial made upon the minutes.

*Bertrand L. Pettigrew* [*W. L. Glenney* with him on the brief], for the appellant.

*George M. Curtis, Jr.* [*Alfred T. Rowe* with him on the brief], for the respondent.

PER CURIAM:

We are constrained to reverse this judgment solely upon the ground that the record presents an error in the charge of the learned trial judge, to which exception was duly taken and which directly affected the question of defendant's negligence. A collision occurred in the night time at the intersection of two streets in Brooklyn, between two automobiles, one operated by the defendant Ferguson, and the other by the defendant, appellant, Fischer. As a result of the collision the appellant's automobile ran up on the sidewalk, striking the plaintiff's intestate, a pedestrian, inflicting injuries which resulted in his death. It was conceded that the collision was occasioned by the negligence of one of the defendants, and the contest was between them, no charge of contributory negligence being made against the decedent. There were cross charges of negligence by defendants, the one against the other, excessive speed, failure to observe the approach of the automobiles, failure to give warning, and the like. Each of the defendants, examined as a witness, testified that he gave warning of his approach to the street intersection by sounding his automobile horn. There was an irreconcilable conflict in the testimony of the two defendants as to rate of speed, warning, and the relative position of the automobiles as they reached the street intersection. The learned trial judge having instructed the jury as to the obligation of the two defendants to use reasonable care in operating their automobiles in approaching the crossing, said: "How are you going to determine whether a man uses ordinary care? I take it that men sitting as jurors as you are will say, as a question of fact, that when a man approaches a crossing or a street intersection, he must look and give some warning and have his automobile under proper control. That is what the law requires of him — the same thing that you gentlemen would require of him as common-sense men. If you find that either of these defendants failed in that duty, he did not do what the law required, and if he did not do what the law required and his negligence caused this accident — or the negligence of both of them, if

you so find — then you will assess the damages against the one who is responsible for this accident, or the two, if that be the fact; and you will pay this woman just such sum as she has lost as the result of her husband being killed." To this appellant's counsel took exception as follows: " Mr. Pettigrew: I except to so much of your Honor's charge as states that under the circumstances shown in this case, it was the duty of the persons operating automobiles, in approaching the street intersection, to give some warning. The Court: Of course. I did not state that in those words; but you may have your exception."

We are forced to the conclusion that it was error for the learned trial justice to instruct the jury that there was an obligation on the defendant, appellant, as matter of law, to give some warning of the approach of his automobile to the street intersection. There is no such requirement, as matter of law, however desirable and necessary it may be in some cases as matter of fact. It would be impracticable to have horns blowing every time an automobile approaches a street crossing in a city, without reference to existing conditions as to speed, obstruction of view, and approaching vehicles or pedestrians, and there is no ordinance requiring such signals. A jury may say that under the facts as found by them in a particular case, reasonable care requires such precautions, but the requirement is not a matter of law. Under the instruction of the court in this case the jury may have based its finding of negligence against the defendant, appellant, solely upon their conclusion that he did not sound his automobile horn, without reference to the other circumstances attendant upon the collision, and this is not the law.

The judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

JENKS, P. J., MILLS, RICH, KELLY and JAYCOX, JJ., concurred.

Judgment and order reversed and new trial granted, with costs to appellant to abide the event.