Robert M. Thomson, as Executor, etc., of Rebecca M. Thomson, Deceased, Appellant, v. John G. Gasteiger and Eugene H. Lawlor, Respondents.

Second Department, January 27, 1922.

Motor vehicles — action for death of plaintiff's testatrix killed by automobile in street in city of New York — Highway Law, § 286, requiring driver to slow down and give warning at street inter-section where view obstructed applicable to city of New York in absence of ordinance in reference thereto passed under § 288 of said law — General Highway Traffic Law did not repeal said § 286 — instructions — error to charge that, as matter of law, driver was not bound to slow down and give warning at street intersection.

Section 286, subdivision 2, of the Highway Law, in force at the time of the accident resulting in the death of plaintiff's testatrix, which required the driver of an automobile on approaching a street intersection, where his view is obstructed, to slow down and give warning of his approach, was applicable to the streets in the city of New York in the absence of any ordinance in the Code of Ordinances of said city regulating the operation of motor vehicles approaching intersecting streets which the city might have passed under the authority of section 288 of the Highway Law.

The city of New York not having seen fit to enact any ordinance requiring the driver of a motor vehicle to give warning upon approaching street intersections, said section 286 of the Highway Law governs.

Section 286 of the Highway Law was not repealed by the General Highway Traffic Law which contains similar provisions regarding the duty of a driver of a motor vehicle to give a warning when approaching street intersections and which expressly provides that it shall not apply to the city of New York, but said act must be construed as supplemental to the Highway Law.

Accordingly, in an action to recover for the death of the plaintiff's testatrix who was struck and killed by defendant's automobile near a street intersection in the city of New York, it was error for the court to instruct the jury that, as a matter of law, the driver was not bound, under the circumstances of the case, on approaching a street intersection, to slow down and sound a warning.

But, as the accident happened on a dark and stormy night and there was some evidence that the driver's view was obstructed, the jury should have been charged that if they found that the driver's view was obstructed as he approached the intersection of the streets in question then he was bound by the statute to give warning of his approach.

Appeal by the plaintiff, Robert M. Thomson, as executor, from a judgment of the Supreme Court in favor of the defend-

ants, entered in the office of the clerk of the county of Kings on the 26th day of January, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the 2d day of February, 1921, denying plaintiff's motion to set aside the verdict and for a new trial made upon the minutes.

*Benjamin Reass* [*Hugo Hirsh* and *Emanuel Newman* with him on the brief], for the appellant.

*William Dike Reed* [*William B. Shelton* with him on the brief], for the respondents.

YOUNG, J.:

This action was brought to recover damages for the death of Rebecca M. Thomson by reason of the alleged negligence of the defendants.

The case was before this court on a former appeal by the plaintiff from a judgment entered against him upon the dismissal of the complaint at Trial Term. This court reversed that judgment and granted a new trial upon the ground that plaintiff's evidence did tend to establish negligence upon the part of defendants' chauffeur in operating his automobile. (192 App. Div. 919.)

Deceased had been visiting her mother, who lived on the same street, East Nineteenth street, in the borough of Brooklyn. The mother lived on the east side of East Nineteenth street, while the deceased lived on the west side of the same street. East Nineteenth street runs north and south and Glenwood road runs east and west. The mother's house was to the north of Glenwood road, and deceased lived to the south of the same road. She left her mother's house to go home about six P. M., on February 19, 1918. It was misty and dark and she carried an umbrella, and there is evidence in the case on the part of the plaintiff to show that she was struck by defendant's automobile near the northwest corner of East Nineteenth street and Glenwood road, presumably while crossing East Nineteenth street from east to west.

The evidence on defendants' part was to the effect that the accident happened seventy-five or eighty feet north of the intersection of Glenwood road and East Nineteenth street, on the west side of East Nineteenth street. The automobile was

going south on East Nineteenth street. The chauffeur testified that as he drove along East Nineteenth street going south on the west side of the street he saw a woman on the west sidewalk ahead of him walking south. He was then two hundred feet from the corner of Glenwood road; seventy-five feet from the corner as he came abreast of a bush by the curbstone on his right an umbrella suddenly came from behind the bush on the south side and struck against his windshield. The bush was one hundred feet from the point where he first saw the woman on the sidewalk. He turned his car sharply to the left and stopped. On getting out of his car he found the decedent lying in the street to the right of his car and about three feet behind it, an umbrella was lying alongside of the car. Other witnesses identified the point of the accident as seventy-five feet north of Glenwood road opposite the bush on the west side of East Nineteenth street. There was evidence that just south of the bush in question there was a depression in the sidewalk which was full of water, and it was the claim of the defendant that the deceased on her way home had already crossed East Nineteenth street from her mother's home to the west side before the accident, and that she was proceeding south on the west side of East Nineteenth street when she came to this water upon the sidewalk and that she stepped out into the street to the south of this bush with the umbrella over her head to avoid the water, and so came in contact with the automobile.

The complaint alleged as a ground of negligence, among other things, that the automobile was operated without warning of its approach, and the driver stated he did not blow his horn previous to the accident.

This appeal presents but a single question of law, both sides conceding that the questions of negligence and contributory negligence were for the jury.

The trial justice in his charge to the jury stated as follows:

" The plaintiff has also alleged that the chauffeur, in the operation of his car, failed to blow his horn. The Highway Law provides that upon approaching a pedestrian who is upon the traveled part of any highway, and not upon a sidewalk, and upon approaching an intersecting highway, or curve or corner in a highway, where the view is obstructed, every

person operating a motor vehicle shall slow down and give a timely signal with his bell, horn, or other device for signalling.

" There was no obligation on the defendant, as a matter of law, to give some warning of the approach of his automobile to the intersection of Glenwood road and East Nineteenth street. There is no such requirement as a matter of law, however desirable and necessary it may be in some cases as a matter of fact. It would be impracticable to have horns blowing every time an automobile approaches a street crossing in the city, without reference to existing conditions as to speed, obstruction of view, and approaching vehicles or pedestrians; and there is no ordinance requiring such signal. You, as jurymen, may say that, under the facts as found by you in this case, reasonable care required such precaution; but the requirement is not a matter of law."

Plaintiff's counsel duly excepted to this charge. The appellant contends that the court committed error in charging as above set forth. He insists that the Highway Law, section 286, subdivision 2, as added by Laws of 1910, chapter 374 (which was the subdivision at the time of the accident in 1918),* applied to the city of New York and imposed an absolute duty upon the driver to give a warning upon approaching the intersecting street referred to.

The respondents, on the other hand, assert that the section of the Highway Law referred to has no application to the city of New York. They argue that by section 288 of the Highway Law (as added by Laws of 1910, chap. 374, and amd. by Laws of 1915, chap. 487; Laws of 1916, chap. 579, and Laws of 1917, chap. 769) power is given to the city of New York to make ordinances regulating speed of motor vehicles and traffic regulations with regard to the operation of motor vehicles, and that inasmuch as the city of New York has properly enacted such ordinances which are to be found in chapter 24 of the Code of Ordinances of the City of New York, commonly known as Traffic Regulations, the traffic in the streets and highways of the city must be deemed to have been exclusively regulated in accordance with these ordinances, and that, therefore, the provisions of the Highway Law referred to do not apply. It is admitted, however, that nowhere in these ordinances is

---

*Now § 286, subd. 8, as amd. by Laws of 1918, chap. 540, and Laws of 1921, chap. 580.— [REP.

there any provision that the driver of a motor vehicle shall sound a horn or other signal approaching street intersections.

I think there is no merit in this contention. The city of New York has not seen fit to enact any ordinance requiring the driver of a motor vehicle to give warning upon approaching street intersections, and in the absence of such enactment in my opinion the provisions of the Highway Law referred to apply.

Nor do I think it can be held that the Legislature in enacting the General Highway Traffic Law* with similar provisions regarding the duty of a driver of a motor vehicle to give a warning when approaching street intersections with the express provisions contained in that law that it should not apply to the city of New York, thereby impliedly repealed, so far as the city of New York is concerned, the provisions referred to contained in section 286 of the Highway Law. If this were the intention, it seems to me the Legislature would not have re-enacted in 1921 this very section of the Highway Law. (See Laws of 1921, chap. 580.)† These two acts should be read together and harmonized, and in my opinion there is no difficulty in construing the one as supplemental to the other.

Concluding, then, that section 286 of the Highway Law is applicable to the city of New York, did the trial court in the instant case err in its charge upon this subject as above indicated?

The charge is plainly to the effect that under the facts and circumstances of the case there was no legal obligation on the part of the driver to give a warning upon his approaching the intersection of Glenwood road and East Nineteenth street.

In my opinion this was error, and did not correctly state the law of the case. The statute in question makes it obligatory upon the driver of an automobile to slow down and give a warning upon approaching a pedestrian who is upon the traveled part of any highway and not upon the sidewalk, and also to slow down and give a warning upon approaching an intersecting highway or curve or a corner in a highway where his view is obstructed. His duty to slow down and give a warning upon approaching a pedestrian in the traveled part of any highway and not upon the sidewalk is absolute. But whether or not he is required to slow down and give a warning

---

* See §§ 3, 13, subd. 2.— [REP.

† See, also, Laws of 1918, chap. 540.— [REP.

upon approaching an intersecting highway or a curve or a corner in a highway depends upon whether or not his view is obstructed. He is only required to give such warning when his view is obstructed as he approaches a street intersection, and whether or not his view is obstructed and a warning required is generally a question of fact. In this case the photographs in evidence show to some extent the situation at the intersection in question, and the driver himself testified that the night was stormy and misty, a very bad night.

With such evidence, I am of the opinion that the plaintiff was entitled to a charge that if the jury found that the driver's view was obstructed as he approached the intersection of the streets in question, then he was bound by the statute to blow his horn or give warning of his approach, and that the charge of the trial justice to the effect that there was no obligation on the part of the driver to give such warning was error.

The views here expressed are not in conflict with the recent decision of this court in *Thompson* v. *Fischer* (188 App. Div. 878). In that case there was a collision between two automobiles at the intersection of two streets, as a result of which one machine ran up on the sidewalk and killed plaintiff's intestate, and it was conceded that the collision was occasioned by the negligence of one of the defendants, and the contest was between them, no charge of contributory negligence being made against the decedent. Section 286 of the Highway Law was not in any way discussed or considered in that case. That opinion, of course, must be read with regard to the facts of the case, and when so considered it does not decide that the Highway Law (§ 286) is not applicable to the city of New York, nor that there may not be cases under other circumstances where there is an obligation under such law to sound a warning upon approaching street intersections.

The judgment and order appealed from should be reversed and a new trial granted, with costs to abide the event.

BLACKMAR, P. J., RICH, KELLY and KELBY, JJ., concur.

Judgment and order reversed and new trial granted, with costs to abide the event.