■ TERESA POWERS, Appellant, v. MANUEL MEDINA et al., Respondents.— Appeals by plaintiff (1) from a judgment dismissing plaintiff's complaint against defendant Medina entered upon a jury's verdict of no cause for action in favor of defendant Medina rendered at a Trial Term of Supreme Court held in Saratoga County; (2) from an order denying plaintiff's motion to set aside said verdict as contrary to the weight of the evidence; (3) from a judgment of $20,115.48 in favor of the plaintiff against the defendant Carr entered upon the jury's verdict; and (4) from an order denying plaintiff's motion to set aside said verdict as inadequate. Plaintiff was injured when the automobile in which she was riding, driven by her husband and owned by the defendant Carr, collided with an automobile owned and operated by the defendant Medina at an intersection in the City of Mechanicville. Defendant Medina testified that he approached the intersection during daylight at fifteen to twenty miles per hour, that he looked to his right, that his view to the left was obstructed by a hedge and a parked truck but that when he was in the intersection he looked to his left and saw no other vehicle, that he did not sound his horn, that he first saw the other automobile approaching from his left when he was in the center of the intersection, that it was proceeding at twenty to twenty-five miles per hour and that the two automobiles collided in the intersection. Giving defendant Medina's testimony full credence, it nevertheless appears that the finding that he was not negligent, implicit in the verdict, is contrary to the weight of the evidence. If defendant Medina's view to his left was obstructed as he approached the intersection, he was required not only to slow down but to give a timely signal with his horn. (Vehicle and Traffic Law, § 67, subd. 1.) He concedes that he did not blow the horn of his vehicle. As he entered the intersection he was required to look where he could not previously see, that is, to his left. This he apparently did not do since he admits he did not see the other vehicle until it was upon him. We believe that in the interests of justice the entire case should be retried. Therefore, we have not examined plaintiff's claim that the jury's award to her was inadequate. Judgments and orders reversed, on the law and facts, with costs to abide the event, and a new trial ordered. Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur.