In an action to recover damages for personal injuries, the *788 plaintiff appeals from an order of the Supreme Court, Kangs County (Jacobson, J), dated March 23, 2012, which granted the motion of the defendants/third-party plaintiffs for summary judgment dismissing the complaint and the cross motion of the third-party defendant for summary judgment dismissing the third-party complaint, and the defendants/third-party plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted the cross motion of the third-party defendant for summary judgment dismissing the third-party complaint.
Ordered that the plaintiffs appeal from so much of the order as granted the third-party defendant’s cross motion for summary judgment dismissing the third-party complaint is dismissed, as the plaintiff is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144 [2010]); and it is further,
Ordered that the order is reversed, on the law, the defendants/third-party plaintiffs’ motion for summary judgment is denied, and the cross motion of the third-party defendant for summary judgment is denied; and it is further,
Ordered that one bill of costs is awarded to the plaintiff payable by the defendants/third-party plaintiffs, and one bill of costs is awarded to the defendants/third-party plaintiffs payable by the third-party defendants.
The plaintiff was riding his bicycle south on Adams Street in Brooklyn when he was struck on the left side by a private shuttle bus owned by the defendant Shuttle Express Coach, Inc., and operated by the defendant Michael A. Wright. The shuttle bus was traveling west on York Street at the time of the collision. It is undisputed that at the subject intersection, York Street was a one-way street running in a westerly direction, Adams Street was a one-way street running in a northerly direction, and the only traffic control device was a stop sign for northbound traffic on Adams Street. It is also undisputed that the third-party defendant, 85 Adams Street, LLC, had erected a fence around construction on the northeast corner of the intersection, and the fence extended onto both York Street and Adams Street. At their respective depositions, both the plaintiff and Wright testified that the fence occupied a substantial portion of York Street and prevented each of them from being able to see the intersection clearly before entering it. The Supreme Court granted the defendants’ motion for summary judgment dismissing the complaint and the third-party defendant’s motion for summary judgment dismissing the third-party complaint on the ground that the plaintiff’s negligence was the sole proximate cause of the accident.
*789 Although the plaintiff concedes that he was negligent as a matter of law by traveling the wrong way on Adams Street in violation of Vehicle and Traffic Law § 1127 (a) (see Vehicle and Traffic Law § 1231 [a person riding a bicycle is granted all of the rights and is subject to all of the duties applicable to the driver of a vehicle]), there can be more than one proximate cause of an accident, and the proponent of a motion for summary judgment has the burden of establishing freedom from comparative fault as a matter of law (see Thoma v Ronai, 82 NY2d 736, 737 [1993]; Antaki v Mateo, 100 AD3d 579, 580 [2012]; Colpan v Allied Cent. Ambulette, Inc., 97 AD3d 776, 777 [2012]; Simmons v Canady, 95 AD3d 1201, 1202 [2012]; Pollack v Margolin, 84 AD3d 1341, 1342 [2011]; Kim v Acosta, 72 AD3d 648, 648-649 [2010]).
Here, the defendants failed to make a prima facie showing as a matter of law that Wright was free from any comparative fault in the happening of the accident. There are triable issues of fact as to whether Wright failed to see what was there to be seen through the proper use of his senses (see Brandt v Zahner, 110 AD3d 752 [2013]; Colpan v Allied Cent. Ambulette, Inc., 97 AD3d at 777; Topalis v Zwolski, 76 AD3d 524, 525 [2010]; Tapia v Royal Tours Serv., Inc., 67 AD3d 894, 896 [2009]), failed to exercise due care to avoid the collision (see Vehicle and Traffic Law § 1146 [a]; Soibov v Palmer, 102 AD3d 951, 952 [2013]; Matamoro v City of New York, 94 AD3d 722 [2012]; Bonilla v Calabria, 80 AD3d 720 [2011]; Todd v Godek, 71 AD3d 872 [2010]; Tapia v Royal Tours Serv., Inc., 67 AD3d at 895), or was traveling at a reasonable and prudent speed as he approached the intersection in light of the conditions then present (see Vehicle and Traffic Law § 1180). Accordingly, the Supreme Court should have denied the defendants’ motion, regardless of the sufficiency of the plaintiffs opposing papers.
Furthermore, because the third-party defendant submitted no evidence showing that it was free from any comparative fault in the placement of the construction fence, its motion also should have been denied.
Dillon, J.E, Hall, Austin and Sgroi, JJ., concur.