■ JAMES PALMERI, Appellant, v ARLENE ERRICOLA, Respondent. [996 NYS2d 193]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated November 20, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

During the afternoon of May 28, 2011, the plaintiff was riding a bicycle on 80th Street in Brooklyn. 80th Street is a one-way street, and the plaintiff was traveling in the wrong direction. At the same time, the defendant was operating her motor vehicle on 23rd Avenue, a two-lane roadway governed by a stop sign at its intersection with 80th Street. In the middle of this intersection, the plaintiff's bicycle and the defendant's motor vehicle collided, and the plaintiff allegedly was injured. In November

2011, the plaintiff commenced this action against the defendant. After the completion of discovery, the defendant moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion.

Although the plaintiff was negligent as a matter of law in traveling the wrong way on 80th Street (*see* Vehicle and Traffic Law § 1234 [a]; *see also* Vehicle and Traffic Law § 1127 [a]; *Espiritu v Shuttle Express Coach, Inc.*, 115 AD3d 787, 789 [2014]), there can be more than one proximate cause of an accident, and the proponent of a motion for summary judgment has the burden of establishing freedom from comparative fault as a matter of law (*see Cattan v Sutton*, 120 AD3d 537, 538 [2014]; *Sirlin v Schreib*, 117 AD3d 819 [2014]; *Espiritu v Shuttle Express Coach, Inc.*, 115 AD3d at 789; *Burnett v Reisenauer*, 107 AD3d 656 [2013]).

Here, the defendant failed to make a prima facie showing that she was free from comparative fault in the happening of the accident (*see Cattan v Sutton*, 120 AD3d at 538; *Espiritu v Shuttle Express Coach, Inc.*, 115 AD3d at 789; *Allen v Echols*, 88 AD3d 926, 926-927 [2011]). When asked at her deposition when she first saw the plaintiff's bicycle, she responded "I saw an object. As I was—I stopped. And then as I proceeded to cross the intersection, I felt something. And I saw an object." This testimony demonstrated the existence of triable issues of fact exist regarding whether the defendant failed to see what was there to be seen through the proper use of her senses (*see Calderon-Scotti v Rosenstein*, 119 AD3d 722 [2014]; *Espiritu v Shuttle Express Coach, Inc.*, 115 AD3d at 789; *Colpan v Allied Cent. Ambulette, Inc.*, 97 AD3d 776, 777-778 [2012]) and whether she failed to exercise reasonable care to avoid the collision with the plaintiff's bicycle (*see Bullock v Calabretta*, 119 AD3d 884 [2014]; *Espiritu v Shuttle Express Coach, Inc.*, 115 AD3d at 789; *Colpan v Allied Cent. Ambulette, Inc.*, 97 AD3d at 777). Accordingly, since the defendant failed to establish her prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied her motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Espiritu v Shuttle Express Coach, Inc.*, 115 AD3d at 789). Eng, P.J., Dillon, Duffy and Barros, JJ., concur.