■ Oslbaldo Nunez, Appellant, v Olympic Fence & Railing Co., Inc., Respondent, et al., Defendant. [29 NYS3d 546]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schack, J.), dated May 18, 2015, which granted the motion of the defendant Olympic Fence & Railing Co., Inc., to vacate its default in appearing for oral argument on its prior motion for summary judgment dismissing the complaint insofar as asserted against it, and for summary judgement dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Olympic Fence & Railing Co., Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

According to the deposition testimony of the parties, on the

afternoon of June 1, 2012, the plaintiff, while operating a bicycle in the wrong direction on a one-way street in Queens, was injured when his bicycle struck the prong of a forklift owned by the defendant Olympic Fence and Railing Co., Inc. (hereinafter the defendant), and operated by an employee of the defendant, as the forklift was exiting a driveway onto the street. The forklift operator's view of any traffic that was approaching from the wrong direction was obstructed by a truck that was parked on the street adjacent to the driveway.

The plaintiff commenced this action to recover damages for personal injuries. After the completion of discovery, the defendant moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiff's negligence was the sole proximate cause of the accident. However, the defendant failed to appear for oral argument on the administratively-adjourned return date of March 25, 2015, and the motion was marked off the calendar. On April 2, 2015, the defendant moved to vacate its default in appearing for oral argument on the ground that it had been unaware of the March 25, 2015, return date, and for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted that branch of the defendant's motion which was to vacate its default, and thereupon granted the branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff appeals.

The Supreme Court providently exercised its discretion in granting that branch of the defendant's motion which was to vacate its default in appearing on the administratively-adjourned return date of the motion. The defendant demonstrated a reasonable excuse for the failure of its attorney to appear for oral argument on the administratively-adjourned return date, it moved expeditiously to vacate the default, and there was no evidence that the default was willful or that the plaintiff was prejudiced by the delay (*see Kramarenko v New York Community Hosp.*, 134 AD3d 770, 772 [2015]; *Brinson v Pod*, 129 AD3d 1005, 1009 [2015]; *Suede v Suede*, 124 AD3d 869, 871-872 [2015]). In addition, the defendant demonstrated a potentially meritorious position on its motion for summary judgment, warranting a decision on the merits (*see* CPLR 5015 [a] [1]; *Kramarenko v New York Community Hosp.*, 134 AD3d at 772; *Brinson v Pod*, 129 AD3d at 1008; *Cohen v Romanoff*, 83 AD3d 989 [2011]; *Parker v City of New York*, 272 AD2d 310, 311 [2000]).

The Supreme Court erred in granting that branch of the defendant's motion which was for summary judgment dismissing

the complaint insofar as asserted against it. While the plaintiff was negligent in traveling the wrong way on a one-way street (*see* Vehicle and Traffic Law §§ 1127 [a]; 1231, 1234 [a]), there can be more than one proximate cause of an accident (*see Cox v Nunez*, 23 AD3d 427 [2005]). A defendant moving for summary judgment has the burden of establishing freedom from fault in the happening of the accident (*see Gezelter v Pecora*, 129 AD3d 1021, 1021-1022 [2015]). Thus, the fact that the plaintiff was riding his bicycle in the wrong direction on a one-way street would not preclude a finding that negligence by the defendant's employee contributed to the accident (*see Palmeri v Erricola*, 122 AD3d 697 [2014]; *Espiritu v Shuttle Express Coach, Inc.*, 115 AD3d 787 [2014]).

Here, the defendant failed to meet its prima facie burden of establishing the forklift operator's freedom from fault in the happening of this accident as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Palmeri v Erricola*, 122 AD3d at 698; *Cattan v Sutton*, 120 AD3d 537, 538 [2014]; *Sirlin v Schreib*, 117 AD3d 819 [2014]). The papers the defendant submitted in support of its motion demonstrated the existence of triable issues of fact as to whether the forklift operator failed to exercise due care before proceeding from the driveway onto the street (*see* Vehicle and Traffic Law §§ 1143, 1146 [a]; 1173; *Palmeri v Erricola*, 122 AD3d at 698; *Espiritu v Shuttle Express Coach, Inc.*, 115 AD3d at 789; *Lugo v Brentwood Union Free School Dist.*, 212 AD2d 582, 583 [1995]; *Powers v Medina*, 1 AD2d 727 [1955]; *Thomson v Gasteiger*, 199 App Div 744 [1922]). As the defendant failed to meet its prima facie burden, the Supreme Court should have denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it regardless of the sufficiency of the plaintiff's papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853; *Palmeri v Erricola*, 122 AD3d at 698). Rivera, J.P., Dillon, Chambers and Dickerson, JJ., concur.