■ ARGENY ROJAS et al., Respondents, v MARCO A. SOLIS, Appellant. [62 NYS3d 511]—

Appeal from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated March 11, 2015. The order denied the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On January 22, 2010, the plaintiff Algelis Sanchez was operating a bicycle on Irving Avenue in Brooklyn, while the plaintiff Argeny Rojas was standing on pegs located on the rear axle of the bicycle. Irving Avenue is a one-way street, and Sanchez was traveling in the wrong direction. At the same time, the defendant was operating his motor vehicle on Menahan Street, a one-way street governed by a stop sign at its intersection with Irving Avenue. Sanchez's bicycle and the defendant's vehicle collided in the intersection, and both plaintiffs allegedly were injured. The plaintiffs commenced this action against the defendant, alleging that they sustained serious injuries within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. After the completion of

discovery, the defendant moved for summary judgment dismissing the complaint on the ground of no liability and on the ground that neither plaintiff sustained a serious injury withing the meaning of Insurance Law § 5102 (d). The Supreme Court denied the motion, and the defendant appeals.

The defendant failed to establish his prima facie entitlement to judgment as a matter of law dismissing the complaint on the ground of no liability. Although Sanchez was negligent as a matter of law in traveling the wrong way on Irving Avenue (see Vehicle and Traffic Law § 1234 [a]; see also Espiritu v Shuttle Express Coach, Inc., 115 AD3d 787, 789 [2014]), the transcript of the defendant's deposition testimony, submitted in support of his motion, presented a triable issue of fact as to whether he failed to see what was there to be seen through the proper use of his senses (see Nunez v Olympic Fence & Railing Co., Inc., 138 AD3d 807 [2016]; Palmeri v Erricola, 122 AD3d 697, 698 [2014]; Espiritu v Shuttle Express Coach, Inc., 115 AD3d at 789; Lu Yuan Yang v Howsal Cab Corp., 106 AD3d 1055, 1056 [2013]). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was to dismiss the complaint on the ground of no liability.

The Supreme Court also properly determined that the defendant was not entitled to summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d). The defendant met his prima facie burden of showing that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that none of the plaintiffs' alleged injuries constituted a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see Staff v Yshua, 59 AD3d 614 [2009]). In opposition, however, the plaintiffs raised a triable issue of fact as to whether they each sustained a serious injury (see Perl v Meher, 18 NY3d 208, 218-219 [2011]). Dillon, J.P., Barros, Connolly and Iannacci, JJ., concur.