In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (King, J.), dated April 27, 2016, which denied that branch of their motion which was for summary judgment dismissing the complaint.
 

 Ordered that the order is affirmed, with costs.
 

 On May 13, 2013, the plaintiff, a bicyclist, and the defendant Jessica Vazquez, a motorist, were involved in a collision on Avenue W near its intersection with East 27th Street, in Brooklyn. The vehicle driven by Vazquez was owned by the defendant Edward Rosenbaum. The plaintiff thereafter commenced this action.
 

 The defendants moved, inter alia, for summary judgment dismissing the complaint on the grounds that they were not liable for the plaintiff’s injuries because the plaintiff’s conduct was the sole proximate cause of the accident, and that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). In support, they submitted a surveillance video of the accident, which depicted the plaintiff darting out to the middle of a road into oncoming traffic from both directions. The defendants also submitted the deposition testimony of Vazquez, who stated that she took her eyes off the plaintiff after she saw him standing next to his bicycle, and that she did not see him again until the collision.
 

 The plaintiff submitted no evidence in opposition to the motion.
 

 The Supreme Court denied the defendants’ motion, finding that there was a triable issue of fact as to whether Vazquez exercised reasonable care to avoid the collision, and that the defendants failed to establish, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d). The defendants appeal.
 

 The Supreme Court properly concluded that the defendants were not entitled to summary judgment dismissing the complaint on the ground that they were not liable for the plaintiff’s injuries. “A driver is bound to see what is there to be seen with the proper use of his [or her] senses, and there can be more than one proximate cause of an accident” (Topalis v Zwolski, 76 AD3d 524, 525 [2010] [citations omitted]). In order for a defendant driver to establish entitlement to summary judgment on the issue of liability in a motor vehicle collision case, the driver must demonstrate, prima facie, inter alia, that he or she kept the proper lookout, or that his or her alleged negligence, if any, did not contribute to the accident (see id. at 525).
 

 Here, although the surveillance video demonstrated that the plaintiff was negligent in darting out on his bicycle into oncoming traffic (see Vehicle and Traffic Law § 1231), the defendants failed to establish, prima facie, that Vazquez saw what was to be seen, and that she exercised reasonable care in attempting to avoid the collision (see Palmeri v Erricola, 122 AD3d 697, 697-698 [2014]; cf. Aiello v City of New York, 32 AD3d 361, 362-363 [2006]). Thus, the Supreme Court properly determined that the defendants failed to establish their entitlement to judgment as a matter of law regarding liability.
 

 The Supreme Court also properly concluded that the defendants were not entitled to summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendants failed to adequately address the plaintiffs claim, set forth in the bill of particulars, that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (see Che Hong Kim v Kossoff, 90 AD3d 969 [2011]).
 

 Rivera, J.R, Chambers, Duffy and Iannacci, JJ., concur.