Elkholy v Dawkins (2019 NY Slip Op 06745)





Elkholy v Dawkins


2019 NY Slip Op 06745


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2018-10772
 (Index No. 509857/17)

[*1]Abdelaziz Elkholy, respondent, 
v
Gladstone L. Dawkins, appellant.


Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellant.
Bernstone & Grieco, LLP, New York, NY (Matthew A. Schroeder and Dylan M. Helfand of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated July 16, 2018. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On May 26, 2015, the plaintiff allegedly was injured when the bicycle he was riding came into contact with a motor vehicle owned and operated by the defendant. The collision occurred at the intersection of West End Avenue and West 71st Street in Manhattan as both parties were attempting to make a left turn onto West End Avenue. The plaintiff's bicycle came into contact with the rear driver's side of the defendant's vehicle while the defendant's vehicle was positioned at an angle. The plaintiff and defendant each testified at their respective depositions that they did not observe the other party prior to the collision. The defendant moved for summary judgment dismissing the complaint. In the order appealed from, the Supreme Court denied the defendant's motion. The defendant appeals.
"A driver is bound to see what is there to be seen with the proper use of his senses, and there can be more than one proximate cause of an accident" (Topalis v Zwolski, 76 AD3d 524, 525 [citations omitted]; see Ellis v Vazquez, 155 AD3d 694, 695). "In order for a defendant driver to establish entitlement to summary judgment on the issue of liability in a motor vehicle collision case, the driver must demonstrate, prima facie, inter alia, that he or she kept the proper lookout, or that his or her alleged negligence, if any, did not contribute to the accident" (Ellis v Vazquez, 155 AD3d at 695).
Here, contrary to the defendant's contention, he failed to establish his prima facie entitlement to judgment as a matter of law. In support of his motion, the defendant submitted the deposition transcripts of both parties, which failed to eliminate triable issues of fact as to whether the defendant kept a proper lookout and exercised reasonable care to avoid a collision with the plaintiff's bicycle (see Ellis v Vazquez, 155 AD3d at 695; Rojas v Solis, 154 AD3d 985, 986; Palmeri v Erricola, 122 AD3d 697, 698; see also Hurst v Belomme, 142 AD3d 642, 643). [*2]Accordingly, since the defendant failed to establish his prima facie entitlement to judgment as a matter of law, we agree with the Supreme Court's determination denying his motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CHAMBERS, J.P., ROMAN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court