Gonzalez v Gonzales (2023 NY Slip Op 00207)

Gonzalez v Gonzales

2023 NY Slip Op 00207

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.

2020-04968
 (Index No. 612796/18)

[*1]Juan J. Gonzalez, respondent, 
v
Alex A. Gonzales, et al., appellants.

Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered May 12, 2020. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, without costs or disbursements.
On September 26, 2015, a vehicle operated by the defendant Alex A. Gonzales (hereinafter Alex) and owned by the defendant Katherine Z. Gonzales-Cajavc struck the plaintiff while he was riding his bicycle. The accident occurred in Baldwin, on Grand Avenue, a two-way street running north and south, with two lanes of moving traffic and a parking lane in each direction. The defendants' vehicle was traveling south on Grand Avenue in the right lane. The plaintiff was initially riding his bicycle on the sidewalk on Grand Avenue when he encountered a truck obstructing the sidewalk. The truck was parked partially in the parking lane and partially on the sidewalk. The plaintiff rode his bicycle onto the roadway in the wrong direction to go around the truck, and he was struck by the defendants' vehicle.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained as a result of the accident. The defendants moved for summary judgment dismissing the complaint, relying on, inter alia, the transcripts of the deposition testimony of Alex and the plaintiff. In an order entered May 12, 2020, the Supreme Court denied the defendants' motion. The defendants appeal.
Although the defendants submitted evidence that the plaintiff's bicycle was traveling the wrong way on Grand Avenue in violation of the Vehicle and Traffic Law (see id. § 1234), "[t]here can be more than one proximate cause of an accident" (Blake v Francis, 205 AD3d 671, 672, quoting Tornabene v Seickel, 186 AD3d 645, 646 [internal quotation marks omitted]; see Matias v Bello, 165 AD3d 642, 643). A defendant moving for summary judgment has the burden of establishing, prima facie, that he or she was not a proximate cause of the accident (see Suchit v Shaikh, 207 AD3d 495, 496; Boulos v Lerner-Harrington, 124 AD3d 709, 709). Thus, the fact that the plaintiff was riding his bicycle on the roadway in the wrong direction did not preclude a finding that the defendants' negligence also contributed to the accident (see Nunez v Olympic Fence & Railing Co., Inc., 138 AD3d 807, 809).
The defendants failed to establish, prima facie, that their conduct was not a proximate cause of the accident. While Alex testified that he did not see the plaintiff's bicycle until it was inches away from him, the plaintiff testified that the defendants' vehicle was approximately five to six cars away when his bicycle first entered the roadway. Thus, the defendants' own submissions raised triable issues of fact as to whether Alex failed to see what was there to be seen through the proper use of his senses (see Merola v Beaird, 185 AD3d 679, 680; Palmeri v Erricola, 122 AD3d 697, 698; Espiritu v Shuttle Express Coach, Inc., 115 AD3d 787, 789), or failed to exercise due care to avoid the collision (see Vehicle and Traffic Law § 1146[a]; Palmeri v Erricola, 122 AD3d at 698).
Since the defendants did not meet their prima facie burden, the Supreme Court properly denied their motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DUFFY, J.P., CHAMBERS, MALTESE and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court