Lakhman v Federal Express Corp. (2025 NY Slip Op 03712)

Lakhman v Federal Express Corp.

2025 NY Slip Op 03712

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2024-07079
 (Index No. 502046/23)

[*1]Volodymyr Lakhman, appellant, 
v
Federal Express Corporation, et al., respondents.

Perrone Law, LLC, Hicksville, NY (Daniel C. Perrone of counsel), for appellant.
Morrison Mahoney LLP, New York, NY (Brian P. Heermance and Dominick Pintavalle of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated May 9, 2024. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of comparative fault.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when a truck, owned by the defendant Federal Express Corporation and operated by the defendant Michael Patterson (hereinafter the defendant driver) came into contact with the plaintiff's vehicle. At the time of the accident, the truck was moving in reverse, perpendicular to the flow of traffic, in order to enter a garage. Subsequently, the plaintiff commenced this action against the defendants to recover damages for personal injuries.
Prior to the completion of discovery, the plaintiff moved for summary judgment on the issues of liability and comparative fault, contending, in sum and substance, that the defendant driver's negligence was the sole proximate cause of the accident. In an order dated May 9, 2024, the Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability, but denied that branch of the plaintiff's motion which was for summary judgment on the issue of comparative fault. The plaintiff appeals.
Here, the plaintiff failed to establish, prima facie, that the defendant driver's negligence in crossing a double-yellow line in violation of Vehicle and Traffic Law § 1126 was the sole proximate cause of the accident. Based upon the plaintiff's submissions in support of his motion, including two still photographs from a surveillance video depicting the accident, the Supreme Court did not err in determining that triable issues of fact remained as to whether the plaintiff was comparatively at fault in the happening of the accident by failing to use reasonable care to avoid the accident (see Aponte v Vani, 155 AD3d 929, 930; Rojas v Solis, 154 AD3d 985; Guzman v Bowen, 38 AD3d 837, 838). In particular, the photographs submitted by the plaintiff suggested the possibility that when the defendants' vehicle began to cross the double-yellow line into the plaintiff's lane of travel, the plaintiff's vehicle was at a sufficient distance to avoid the accident through the use of reasonable care.
Since the plaintiff failed to meet his initial burden on the issue of comparative fault, it unnecessary to review the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of the foregoing, we need not consider the parties' remaining contentions.
Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of comparative fault.
BARROS, J.P., BRATHWAITE NELSON, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court