Meehan v Town of Islip (2026 NY Slip Op 00368)

Meehan v Town of Islip

2026 NY Slip Op 00368

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-11423
 (Index No. 604056/21)

[*1]Kevin Meehan, respondent, 
vTown of Islip, et al., appellants, et al., defendant.

Creedon & Gill, P.C., Northport, NY (Jonathan O. Gill of counsel), for appellants.
Decolator, Cohen & DiPrisco, LLP, Garden City, NY (Carolyn M. Canzoneri of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Nelson Rodriguez and Town of Islip appeal from an order of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated October 30, 2023. The order, insofar as appealed from, denied that branch of those defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In December 2020, a bicycle operated by the plaintiff collided with a garbage truck owned by the defendant Town of Islip and operated by the defendant Nelson Rodriguez (hereinafter together the defendants). The accident occurred in the intersection of Hunter Avenue and Doncaster Avenue, which was controlled by a stop sign on Doncaster Avenue. The plaintiff had been traveling eastbound on Hunter Avenue, a two-way street, and was crossing Doncaster Avenue to reach a sidewalk on the westbound side of Hunter Avenue when the accident occurred. The garbage truck also had been traveling eastbound on Hunter Avenue and was making a left turn onto Doncaster Avenue when the accident occurred.
The plaintiff commenced this action against the defendants, among others, to recover damages for his personal injuries. The defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court, among other things, denied that branch of the motion. The defendants appeal.
There can be more than one proximate cause of an accident, and generally proximate cause is an issue for the trier of fact to determine (see Khalil v Garcia-Olea, 222 AD3d 853, 854; Suchit v Shaikh, 207 AD3d 495, 496). "A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Khalil v Garcia-Olea, 222 AD3d at 854 [internal quotation marks omitted]; see Gonzalez v Gonzales, 212 AD3d 716, 716-717). Pursuant to Vehicle and Traffic Law § 1146(a), motorists must "exercise due care to avoid colliding with any bicyclist [or] pedestrian" on the roadway and "give warning by sounding the horn when necessary" (see Khalil v Garcia-Olea, 222 AD3d at 854; Ballentine v Perrone, 179 AD3d 993, 994). A driver also has a common-law duty to see that which should have been seen through the proper use of the driver's senses (see Khalil v Garcia-Olea, 222 AD3d at 854; Suchit v Shaikh, 207 AD3d at 496).
Here, in support of their motion, the defendants submitted, inter alia, transcripts of the deposition testimony of the plaintiff and Rodriguez. Rodriguez testified that he was operating the garbage truck from the right passenger side of the truck in order to control the side arm of the truck. He had collected garbage from houses on the right-hand side of Hunter Avenue before turning left onto Doncaster Avenue. The last pickup was approximately five feet from the intersection, and Rodriguez testified that he did not use a left-hand turn signal before making the turn. He further testified that he did not see the plaintiff at any time before the accident, did not realize that an accident had occurred, and continued to collect garbage until flagged down by a third party. The plaintiff testified that he had been traveling on the shoulder of the eastbound lane of Hunter Avenue, and that approximately half a block before Doncaster Avenue he saw the garbage truck picking up garbage. At that point, the plaintiff crossed to the shoulder of the westbound lane of Hunter Avenue, and continued on Hunter Avenue and into the intersection with Doncaster Avenue, intending to proceed onto a sidewalk that began on the other side of the intersection where the accident occurred.
The defendants' submissions raised triable issues of fact as to whether Rodriguez failed to see what was there to be seen through the proper use of his senses, and failed to exercise due care to avoid the collision (see Khalil v Garcia-Olea, 222 AD3d at 854-855; Gonzalez v Gonzales, 212 AD3d at 717; Suchit v Shaikh, 207 AD3d at 496). Contrary to the defendants' contention, that the plaintiff, prior to entering the intersection, was riding his bicycle on the shoulder of the westbound side of the roadway while traveling in an easterly direction does not preclude a finding that the defendants' negligence was a proximate cause of the accident (see Gonzalez v Gonzales, 212 AD3d at 717; Nunez v Olympic Fence & Railing Co., Inc., 138 AD3d 807, 809). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
DILLON, J.P., BRATHWAITE NELSON, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court