In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Sher, J.), entered April 17, 2012, which granted the defendant’s motion for summary judgment dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, and the defendant’s motion for summary judgment dismissing the complaint is denied.
The plaintiff, a pedestrian, allegedly was injured when, after crossing the westbound lane of I.U. Willets Road in Nassau County, he was struck by a vehicle driven by the defendant in the eastbound lane of that road. The plaintiff thereafter commenced this action to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion.
Contrary to the Supreme Court’s determination, the defendant failed to demonstrate her prima facie entitlement to judgment as a matter of law. “A driver is bound to see what is there to be seen with the proper use of his [or her] senses” (Topalis v Zwolski, 76 AD3d 524, 525 [2010]; see Steiner v Dincesen, 95 AD3d 877 [2012]; Zuleta v Quijada, 94 AD3d 876 [2012]; Hammond v Diaz, 82 AD3d 839, 840 [2011]). Further, there can be more than one proximate cause of an accident (see McIntosh v Village of Freeport, 95 AD3d 965 [2012]; Gardner v Smith, 63 AD3d 783 [2009]), and the issue of comparative negligence is generally a question for the jury to decide (see Jahangir v Logan Bus Co., Inc., 89 AD3d 1064 [2011]).
Here, the defendant testified at her deposition that she did *753 not see the plaintiff prior to “contact,” and that she had her foot on the accelerator pedal at the moment of contact. The defendant did not explain her failure to see the plaintiff, who had first traveled across the westbound lane of traffic before entering her eastbound lane of traffic, before her vehicle hit him. Accordingly, the defendant failed to demonstrate, prima facie, that she kept a proper lookout and that her alleged negligence did not contribute to the happening of the accident (see Topalis v Zwolski, 76 AD3d at 525; Katanov v County of Nassau, 91 AD3d 723, 725 [2012]; see also Steiner v Dincesen, 95 AD3d at 878; Hammond v Diaz, 82 AD3d at 840).
Since the defendant failed to demonstrate her prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied her motion, regardless of the sufficiency of the plaintiffs opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur. [Prior Case History: 2012 NY Slip Op 31092(H).]