*729 On July 25, 2009, at approximately 11:15 a.m., the injured plaintiff allegedly sustained injuries as she rode her bicycle in the westbound designated bicycle lane of Route 25 in the Town of East Shoreham and collided with the rear of the defendant’s motor vehicle.
The defendant established her prima facie entitlement to judgment as a matter of law by submitting transcripts of her deposition testimony and the deposition testimony of the injured plaintiff. At her deposition, the defendant testified that, as she was driving westbound on Route 25 and was approximately 200 to 250 feet in front of the injured plaintiff, she “slowly pulled over” and gradually stopped. According to the defendant’s deposition testimony, about “[flour to five minutes” after her vehicle came to a complete stop, her vehicle was struck in the rear by the injured plaintiffs bicycle.
The injured plaintiff testified at her deposition that she was traveling in the bicycle lane between 10 to 15 miles per hour, and that the roadway was flat and straight in the 300 feet before the accident. According to the injured plaintiff, the weather was clear, sunny, and dry. The injured plaintiff testified that she first noticed the defendant’s vehicle, which had stopped in the bicycle lane, when it was only five feet in front of her. However, the injured plaintiff did not see the defendant’s vehicle come to a stop, did not know how long the vehicle had been stopped, and did not “really remember” whether she was riding with her head down in the last 300 feet before the accident. In addition, the injured plaintiff could not remember if she was looking ahead twenty, or even five, seconds before the accident.
Under these circumstances, the defendant established, prima facie, that she was not negligent in the happening of the accident (see Conning v Dietrich, 105 AD3d 884, 885 [2013]; Neidereger v Misuraca, 27 AD3d 537 [2006]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendant’s motion for summary judgment dismissing the complaint. Rivera, J.P., Dickerson, Leventhal and Hall, JJ., concur.