In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Farneti, J.), dated June 19, 2013, which granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The plaintiff Kenneth Gee (hereinafter the injured plaintiff) allegedly was injured while riding his bicycle, when his bicycle struck the rear of a vehicle driven by the defendant Aquila Malik and owned by her and her husband, the defendant Jalil Anwar. The injured plaintiff, and his wife suing derivatively, commenced this action against the defendants. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion.
As relevant hereto, Vehicle and Traffic Law § 1231 provides: “Every person riding a bicycle . . . upon a roadway shall be granted all of the rights and shall be subject to all of the duties applicable to the driver of a vehicle by this title.” When the driver or operator of a vehicle approaches another vehicle from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle (see Martinez v Martinez, 93 AD3d 767 [2012]; Scheker v Brown, 85 *919 AD3d 1007 [2011]; Ortiz v Hub Truck Rental Corp., 82 AD3d 725, 726 [2011]; Nsiah-Ababio v Hunter, 78 AD3d 672, 672 [2010]). Accordingly, a rear-end collision establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906, 908 [2008]).
In support of their motion, the defendants demonstrated their prima facie entitlement to judgment as a matter of law by establishing that their vehicle was stopped when the injured plaintiff, on his bicycle, veered into the rear of their vehicle. The evidence submitted on the motion, which included the deposition testimony of the injured plaintiff and a nonparty witness, established the defendant’s freedom from negligence and a prima facie case of negligence against the injured plaintiff, requiring him to rebut that inference of negligence by providing a nonnegligent explanation for the rear-end collision (see Tutrani v County of Suffolk, 10 NY3d at 908; Sayyed v Murray, 109 AD3d 464 [2013]; Prosen v Mabella, 107 AD3d 870 [2013]; Blasso v Parente, 79 AD3d 923 [2010]; Ianello v O’Connor, 58 AD3d 684 [2009]).
In opposition, the plaintiffs failed to raise a triable issue of fact.
Therefore, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint. Dillon, J.E, Leventhal, Chambers and LaSalle, JJ., concur.