◼ JAVIER CANALES, Respondent, v ANTONIA E. ARICHABALA et al., Defendants, and RUTH N. FIGUEROA et al., Appellants. [1 NYS3d 140]—

In an action to recover damages for personal injuries, the defendants Ruth N. Figueroa and Jose L. Rosado appeal from an order of the Supreme Court, Queens County (Elliot, J.), entered April 23, 2014, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. In a decision and order on motion dated October 3, 2014, this Court stayed the trial in this action pending the hearing and determination of this appeal.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to recover damages for injuries that he allegedly sustained in a collision between the parties' vehicles at the intersection of 121st Street and 20th Avenue in College Point, Queens. The plaintiff was a passenger in a vehicle driven by the defendant Jonathan W. Pazmino. It is uncontested that a stop sign controlled the traffic on 121st Street in the direction in which Pazmino was traveling, and that 20th Avenue, the street on which the defendant Jose L. Rosado was traveling, was a through street with the right-of-way. Further, Rosado and the defendant Ruth N. Figueroa (hereinafter together the Rosado defendants) presented uncontroverted evidence that, while Rosado traveled on 20th Avenue through the subject intersection, Pazmino stopped at the stop sign, but failed to yield the right-of-way to Rosado, and the front of Rosado's vehicle collided with the front passenger side of Pazmino's vehicle.

"The operator of a vehicle with the right-of-way is entitled to assume that the opposing driver will obey the traffic laws requiring him or her to yield" (*Bennett v Granata*, 118 AD3d 652, 652 [2014]; *see Mohammad v Ning*, 72 AD3d 913, 914 [2010]). Here, the Rosado defendants established, prima facie, that Pazmino failed to yield the right-of-way at a stop sign, in violation of Vehicle and Traffic Law § 1142 (a), and that Pazmino was thus negligent as a matter of law (*see Bennett v Granata*, 118 AD3d at 653; *Mohammad v Ning*, 72 AD3d at 914).

However, even a driver who has the right-of-way has a duty to use reasonable care to avoid a collision, "including keeping a proper lookout and to see what can be seen through the proper use of his or her senses" (*Bennett v Granata*, 118 AD3d at 653; *see Yelder v Walters*, 64 AD3d 762, 764 [2009]). Further, there may be more than one proximate cause of an accident, and "the proponent of a summary judgment motion has the burden of establishing freedom from comparative negligence as a matter of law" (*Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]; *see Gause v Martinez*, 91 AD3d 595, 596 [2012]). Here, the Rosado defendants failed to establish, prima facie, that Pazmino's negligence was the sole proximate cause of the subject collision (*see Pollack v Margolin*, 84 AD3d at 1342). The evidence submitted by the Rosado defendants revealed the existence of triable issues of fact as to whether Rosado contributed to the happening of the accident. It is undisputed that the accident occurred at nighttime and that there was a construction vehicle parked at the corner of the subject intersection, thus raising a triable issue of fact as to whether either driver could see the cross traffic. Further, the deposition testimony showed that Rosado did not specifically look for traffic proceeding across the intersection, and his foot was on the accelerator as he proceeded through the intersection. In addition, the deposition testimony revealed the existence of a triable issue of fact as to whether Rosado had sufficient time and warning to take steps to avoid the accident (*cf. Winner v Star Cruiser Transp., Inc.*, 95 AD3d 1109, 1110 [2012]; *Pollack v Margolin*, 84 AD3d at 1342).

Accordingly, the Supreme Court properly denied the Rosado defendants' motion regardless of the sufficiency of the papers submitted by the plaintiff in opposition (*see Gause v Martinez*, 91 AD3d at 596). Mastro, J.P., Roman, Sgroi and Maltese, JJ., concur.