■ ANTHONY SWINTON et al., Plaintiffs, v KENTO KAMIYAMA et al., Respondents, and TRI A. SUSANTO, Appellant. [45 NYS3d 578]—

In an action to recover damages for personal injuries, the defendant Tri A. Susanto appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated March 7, 2016, as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action arises out of a three-vehicle accident that occurred in Manhattan. The accident involved the lead vehicle, owned and operated by the plaintiff Anthony Swinton, the middle vehicle, owned and operated by the defendant Tri A. Susanto, and a third vehicle, owned by the defendant Osamu Kamiyama and operated by the defendant Kento Kamiyama (hereinafter together the Kamiyamas). The plaintiff Eunice Allen was a passenger in Swinton's vehicle. The plaintiffs commenced this action against Susanto and the Kamiyamas to recover damages for personal injuries they allegedly sustained in the accident. After discovery, Susanto moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, and the Supreme Court denied the motion. Susanto appeals.

"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (*Boulos v Lerner-Harrington*, 124 AD3d 709, 709 [2015]; *see Baulete v L & N Car Serv., Inc.*, 134 AD3d 753, 754 [2015]; *Gezelter v Pecora*, 129 AD3d 1021, 1021-1022 [2015]). Moreover, "[t]here can be more than one proximate cause of an accident" (*Cox v Nunez*, 23 AD3d 427, 427 [2005]; *see Jones v Vialva-Duke*, 106 AD3d 1052, 1052 [2013]; *Lopez v Reyes-Flores*, 52 AD3d 785, 786 [2008]).

Here, Susanto failed to establish his entitlement to judgment as a matter of law since his submissions in support of his motion for summary judgment revealed the existence of triable issues of fact as to whether his actions contributed to the happening of the subject accident (*see Gavrilova v Stark*, 129 AD3d 907, 909 [2015]; *Mullen v Street Cowboy Taxi, Inc.*, 118 AD3d 681 [2014]; *Malak v Wynder*, 56 AD3d 622, 623 [2008]; *Omrami v Socrates*, 227 AD2d 459 [1996]; *cf. Ianello v O'Connor*, 58 AD3d 684, 686 [2009]). Since Susanto failed to meet his prima facie burden, we need not consider the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied Susanto's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. Rivera, J.P., Austin, Cohen and Brathwaite Nelson, JJ., concur.