Appeal from an order of the Supreme Court, Jefferson County (James P. McClusky, J.), entered December 5, 2016. The order granted the motion of defendants Federal Express Corp. and Amber Stevens for summary judgment dismissing the amended complaint against them.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: Paul Kraeger (plaintiff) was injured when the bicycle he was riding struck the rear of a delivery truck owned by defendant Federal Express Corp. and operated by defendant Amber Stevens (collectively, FedEx defendants). Stevens had parked the truck on the shoulder of a roadway, completely to the right of the fog line, in order to deliver a package. Plaintiff collided with the rear of the truck and sustained serious neck injuries that rendered him a paraplegic. Plaintiffs thereafter commenced this action asserting causes of action for, inter alia, negligence and the violation of the Vehicle and Traffic Law. The FedEx defendants moved for summary judgment dismissing the amended complaint against them, and Supreme Court granted the motion. We affirm.
 

 Plaintiffs contend that the court erred in granting the motion inasmuch as there are triable issues of fact with respect to the negligence of Stevens. We reject that contention. Plaintiff, as a bicyclist, was “subject to all of the duties applicable to the driver of a vehicle” (Vehicle and Traffic Law § 1231). It is well settled that a “rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle” (Stalikas v United Materials, 306 AD2d 810, 810 [4th Dept 2003], affd 100 NY2d 626 [2003]), “thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision” (Gee v Malik, 116 AD3d 918, 919 [2d Dept 2014]).
 

 Here, the evidence submitted by the FedEx defendants in support of their motion established that the truck was stopped when plaintiff drove his bicycle into the rear of the truck. The evidence further established that Stevens, who was traveling at a speed of approximately 45 miles per hour, passed plaintiff approximately a quarter of a mile before she parked on the shoulder of the roadway. As she pulled over the truck, Stevens activated her right blinker and checked her mirrors. After she parked the truck, she activated her four-way flashers, set the emergency brake, turned off the truck, unlatched her seatbelt, and entered the truck’s “dock bin” to retrieve a package. At that point, she heard the collision. Statements from two eyewitnesses in their affidavits established that plaintiff was traveling at a high rate of speed on his bicycle with his head down as he approached and struck the truck from the rear. Plaintiff testified at his deposition that he did not remember the accident, including the moments leading up to it.
 

 We conclude that the submissions of the FedEx defendants in support of their motion established as a matter of law their “freedom from negligence and a prima facie case of negligence against the injured plaintiff” (Gee, 116 AD3d at 919). In opposition, plaintiffs failed to provide a nonnegligent explanation for the rear-end collision (see id.; see generally Stalikas, 306 AD2d at 810-811), or otherwise raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
 

 Present—Centra, J.P., Peradotto, DeJoseph, NeMoyer and Cur-ran, JJ.