Ballentine v Perrone (2020 NY Slip Op 00562)





Ballentine v Perrone


2020 NY Slip Op 00562


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2018-08330
 (Index No. 501948/14)

[*1]Katherine Ballentine, appellant, 
v
John P. Perrone, et al., respondents.


Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka, Leigh H. Sutton, and Andrea M. Alonso of counsel), for appellant.
McMahon, Martine & Gallagher, LLP, Brooklyn, NY (Patrick W. Brophy and Nicholas Dematte Winston of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated May 17, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in a collision between her bicycle and a vehicle driven by the defendant John P. Perrone at the intersection of North 10th Street and Roebling Street, in Brooklyn. It is uncontested that a stop sign controlled the one-way traffic on North 10th Street and the traffic on Roebling Street in the direction Perrone was traveling had the right-of-way. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff's negligence was the sole proximate cause of the accident, submitting transcripts of the deposition testimony of the plaintiff and Perrone. Perrone testified that there was a lot of activity at the subject intersection because a street fair was taking place and there was a lot of construction, which covered the sidewalk and extended into the parking lane in the street. Perrone stated that he did not see the plaintiff prior to impact, and he was traveling approximately 25 miles per hour, looking straight ahead, with his foot on the accelerator. The plaintiff testified that she was in the bicycle lane on North 10th Street and that a construction wall blocked her view of traffic on Roebling Street in the direction that Perrone was traveling. She stated that she had stopped at the corner for some time and was slowly inching forward, with one foot on the ground, in order to peer around the construction wall when the collision occurred. The Supreme Court granted the defendants' motion. The plaintiff appeals.
The operator of a vehicle with the right-of-way is entitled to assume that others will obey the traffic laws requiring them to yield (see Mu-Jin Chen v Cardenia, 138 AD3d 1126, 1127; Canales v Arichabala, 123 AD3d 869, 870). However, a driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision, to see what there is to be seen through the proper use of his or her senses, and to drive at a speed that is reasonable and prudent under the conditions, having regard to the actual and potential hazards then existing (see Vehicle and Traffic Law §§ 1146[a], 1180[a]; Mu-Jin Chen v Cardenia, 138 AD3d at 1127; Canales v Arichabala, 123 AD3d [*2]at 870; Brandt v Zahner, 110 AD3d 752, 752).
Since there can be more than one proximate cause of an accident, a defendant moving for summary judgment has the burden of establishing freedom from comparative negligence as a matter of law (see Inesta v Florio, 159 AD3d 682; Colpan v Allied Cent. Ambulette, Inc., 97 AD3d 776, 777; Pollack v Margolin, 84 AD3d 1341). "In order for a defendant driver to establish entitlement to summary judgment on the issue of liability in a motor vehicle collision case, the driver must demonstrate, prima facie, inter alia, that he or she kept the proper lookout, or that his or her alleged negligence, if any, did not contribute to the accident" (Ellis v Vazquez, 155 AD3d 694, 695; see Fried v Misser, 115 AD3d 910, 911; Brandt v Zahner, 110 AD3d at 753; Topalis v Zwolski, 76 AD3d 524, 525). The issue of comparative fault is generally a question for the trier of fact (see CPLR 1411; Inesta v Florio, 159 AD3d 682; Gezelter v Pecora, 129 AD3d 1021, 1022; Colpan v Allied Cent. Ambulette, Inc., 97 AD3d at 777; Allen v Echols, 88 AD3d 926, 927).
Here, the defendants failed to establish, prima facie, that Perrone was free from comparative fault in the happening of the accident. In particular, the defendants failed to eliminate triable issues of fact as to whether Perrone kept a proper lookout or was traveling at a reasonable and prudent speed as he approached the intersection in light of the conditions then present (see Inesta v Florio, 159 AD3d 682; Ellis v Vazquez, 155 AD3d at 695; Rojas v Solis, 154 AD3d 985; Mu-Jin Chen v Cardenia, 138 AD3d at 1128; Canales v Arichabala, 123 AD3d at 870; Espiritu v Shuttle Express Coach, Inc., 115 AD3d 787, 789; Colpan v Allied Cent. Ambulette, Inc., 97 AD3d at 777; Tapia v Royal Tours Serv., Inc., 67 AD3d 894, 896; see also Ferrer v Harris, 55 NY2d 285, 291, affd 56 NY2d 737; Ortega v Ting, 172 AD3d 1217; St. Andrew v O'Brien, 45 AD3d 1024, 1028). Accordingly, the Supreme Court should have denied the motion without regard to the sufficiency of the opposing papers (see Alvarez v Propsect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court