Greene v Raskin (2020 NY Slip Op 04463)





Greene v Raskin


2020 NY Slip Op 04463


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-07810
 (Index No. 506780/14)

[*1]Curtis Greene, respondent,
v
Eliyahu Raskin, appellant.


Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellant.
Falk & Klebanoff, P.C., West Hempstead, NY (Jeffrey P. Falk and Victor A. Carr of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated April 26, 2019. The order, insofar as appealed from, denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
On August 2, 2011, at about 4:00 p.m. or 5:00 p.m., the plaintiff was operating a bicycle and struck the rear of a vehicle operated by the defendant when the defendant stopped or was stopping to park on a street in Brooklyn. The plaintiff commenced this action against the defendant. Thereafter, the defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the defendant's motion, and the defendant appeals.
Vehicle and Traffic Law section 1231 provides that every bicyclist is "subject to all of the duties applicable to the driver of a vehicle" (see Gee v Malik, 116 AD3d 918, 918). A bicyclist "approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]). A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision to rebut the inference of negligence (see Batashvili v Veliz-Palacios, 170 AD3d 791, 792).
In support of his motion, the defendant demonstrated his prima facie entitlement to judgment as a matter of law by establishing that he was free from negligence in the operation of his vehicle (see Gee v Malik, 116 AD3d at 919). The evidence submitted on the defendant's motion, including the transcripts of the deposition testimony of the parties, established that the plaintiff was negligent in failing to see what was there to be seen because he was not paying attention to the road conditions ahead, while he was riding his bicycle at a fast rate of speed, and that he failed to maintain [*2]a reasonably safe distance from the defendant's vehicle which, according to the plaintiff, was stopped at the time of the impact (see generally Arias v Rosario, 52 AD3d 551, 552-553).
The plaintiff's contention in opposition that the defendant made a sudden stop before attempting to park his vehicle was insufficient to raise a triable issue of fact as to whether the defendant was negligent in the operation of his vehicle (see Bene v Dalessio, 135 AD3d 679, 680; Brothers v Bartling, 130 AD3d 554, 556; Gutierrez v Trillium USA, LLC, 111 AD3d 669, 671). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
MASTRO, J.P., DILLON, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court