Lemanowicz v Zhenneng Wu (2022 NY Slip Op 05161)

Lemanowicz v Zhenneng Wu

2022 NY Slip Op 05161

Decided on September 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2021-00338
 (Index No. 705157/19)

[*1]Laura Lemanowicz, plaintiff, 
v
Zhenneng Wu, et al., respondents, Frederick Thomas, appellant.

Pillinger Miller Tarallo, LLP, Elmsford, NY (Donna L. Cook and Donna M. Brautigam of counsel), for appellant.
Ferro & Stenz (James G. Billelo, Hicksville, NY [Katie A. Walsh], of counsel), for respondents.
Daniel P. Buttafuoco & Associates, PLLC, Woodbury, NY (Ellen Buchholz of counsel), for plaintiff.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Frederick Thomas appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered December 22, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendants Zhenneng Wu and Yanling Wu which was for summary judgment dismissing all cross claims asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Zhenneng Wu and Yanling Wu which was for summary judgment dismissing all cross claims asserted against them is denied.
The plaintiff commenced this action against the defendants Zhenneng Wu and Yanling Wu (hereinafter together the Wu defendants) and the defendant Frederick Thomas to recover damages for personal injuries the plaintiff allegedly sustained in a collision between her vehicle and a vehicle driven by Zhenneng Wu and owned by Yanling Wu, at the intersection of 214th Lane and 35th Avenue in Queens. Thomas answered the complaint and asserted cross claims against the Wu defendants for contribution and common-law indemnification. The Wu defendants answered the complaint and asserted cross claims against Thomas for contribution and common-law indemnification.
After the completion of discovery, the Wu defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, arguing that they were not at fault in the happening of the accident. In support of their motion, the Wu defendants submitted, inter alia, the deposition testimony of the plaintiff, Zhenneng Wu, and Thomas. The parties' testimony reflected that, at the time of the collision, Zhenneng Wu was traveling straight on 35th Avenue toward its intersection with 214th Lane, with no traffic control device governing his direction of travel; the plaintiff was on 214th Lane, with a stop sign governing traffic in her direction, and was attempting to make a left turn onto 35th Avenue; and Thomas was sitting in his [*2]truck parked on 35th Avenue at the corner of the intersection with 214th Lane, with approximately half of the truck "sticking out" into 214th Lane. The plaintiff testified that as she attempted to turn left at the stop sign, her view to the left was blocked by Thomas's truck, and she did not see Zhenneng Wu's vehicle prior to the impact. Zhenneng Wu testified that immediately prior to the collision, he was traveling at approximately 10 or 12 miles per hour, and when approximately one-third of his vehicle had entered the intersection, the plaintiff's vehicle entered the intersection and collided with his vehicle.
Thomas opposed the Wu defendants' motion, submitting an affidavit in which Thomas stated that he observed the Wu defendants' vehicle speeding in the several seconds prior to the accident. The plaintiff also opposed the motion. In an order entered December 22, 2020, the Supreme Court granted the Wu defendants' motion. Thomas appeals.
A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the accident at issue (see Jeong Sook Lee-Son v Doe, 170 AD3d 973, 974; Boulos v Lerner-Harrington, 124 AD3d 709, 709). "A driver who has the right-of-way is entitled to anticipate that other drivers will obey the traffic laws requiring them to yield to the driver with the right-of-way" (Jeong Sook Lee-Son v Doe, 170 AD3d at 974; see Vainer v DiSalvo, 79 AD3d 1023, 1024). Although a driver with the right-of-way has a duty to use reasonable care to avoid a collision, "'a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision'" (Jeong Sook Lee-Son v Doe, 170 AD3d at 974, quoting Yelder v Walters, 64 AD3d 762, 764; see Sapienza v Harrison, 191 AD3d 1028, 1028; Fuertes v City of New York, 146 AD3d 936, 937).
Here, the Wu defendants demonstrated, prima facie, their freedom from fault in the happening of the accident by submitting evidence that Zhenneng Wu was traveling with the right-of-way at the time of the accident, that the plaintiff failed to yield the right-of-way, and that Zhenneng Wu did not have sufficient time to react in order to avoid the collision (see Vehicle and Traffic Law § 1142[a]; Jeong Sook Lee-Son v Doe, 170 AD3d at 974; Fuertes v City of New York, 146 AD3d at 938).
However, in opposition, Thomas raised triable issues of fact as to whether Zhenneng Wu was speeding at the time of the accident and whether his alleged speeding was a proximate cause of the accident (see Ballentine v Perrone, 179 AD3d 993, 994; Canales v Arichabala, 123 AD3d 869, 870; Rodriguez v Klein, 116 AD3d 939, 940; Salmonese v Gulli, 64 AD3d 563, 563-564).
Accordingly, the Supreme Court should have denied that branch of the Wu defendants' motion which was for summary judgment dismissing Thomas's cross claims against them.
We have not considered the plaintiff's request for affirmative relief, as she did not appeal from the order (see Hecht v City of New York, 60 NY2d 57, 63; Mixon v TBV, Inc., 76 AD3d 144, 156 and n 1; Viafax Corp. v Citicorp Leasing, Inc., 54 AD3d 846, 850).
BARROS, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court