Oliinyk v Yusupov (2023 NY Slip Op 03799)

Oliinyk v Yusupov

2023 NY Slip Op 03799

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-07859
 (Index No. 515618/19)

[*1]Mykyta Oliinyk, appellant, 
v
Artem Yusupov, respondent.

Michael Tsugel, Brooklyn, NY (Damin J. Toell of counsel), for appellant.
Correia, King, McGinnis & Liferiedge, Mineola, NY (Ryan W. Hershkowitz of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated September 29, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in a collision between his bicycle and a vehicle operated by the defendant near the intersection of Emmons Avenue and East 19th Street in Brooklyn. Prior to the completion of discovery, the defendant moved for summary judgment dismissing the complaint. In an affidavit submitted in support of the motion, the defendant averred that he had been stopped for approximately one minute "perfectly straight" on Emmons Avenue, with one vehicle in front of him and one vehicle behind him, waiting to make a lawful U-turn, with his headlights and left turn signal activated, when the plaintiff's bicycle struck the side of his vehicle. In a statement submitted in opposition to the motion, the plaintiff stated that he had been riding his bicycle on the double yellow line of Emmons Avenue, that he saw vehicles traveling in the same direction stopped at a red light, and that he prepared to stop at the red light. The plaintiff further stated that he turned his head to check on the location of his friends, who were also riding their bicycles, and a few seconds later he felt the collision with the defendant's vehicle, which had not been there a few seconds prior. The Supreme Court granted the defendant's motion. The plaintiff appeals.
As there can be more than one proximate cause of an accident, a defendant driver moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident (see Ballentine v Perrone, 179 AD3d 993, 994; Enriquez v Joseph, 169 AD3d 1008, 1008-1009; Inesta v Florio, 159 AD3d 682, 682; Boulos v Lerner-Harrington, 124 AD3d 709, 709). "[A] person riding a bicycle on a roadway is entitled to all of the rights and bears all of the responsibilities of a driver of a motor vehicle" (Palma v Sherman, 55 AD3d 891, 891; see Vehicle and Traffic Law § 1231). "In general, a motorist is required to keep a reasonably vigilant lookout for bicyclists, to sound the vehicle's horn when a reasonably prudent person would do so in order to warn a bicyclist of danger, and to operate the vehicle with reasonable care to avoid colliding with anyone on the road" (Palma v Sherman, 55 [*2]AD3d at 891; see Vehicle and Traffic Law § 1146).
The defendant established his prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting evidence demonstrating that he was stopped in his lane of traffic, waiting to make a lawful turn, when the plaintiff's bicycle came into contact with his vehicle, and, thus, that he was free from fault in the happening of the accident (see Greene v Raskin, 186 AD3d 575, 576; Tagliaferri v Petti, 123 AD3d 1005, 1005; Isaacs v Gregory, 113 AD3d 728, 729; Palma v Sherman, 55 AD3d at 892). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant was negligent (see Tagliaferri v Petti, 123 AD3d at 1005; Isaacs v Gregory, 113 AD3d at 729).
Contrary to the plaintiff's contention, the motion for summary judgment was not premature. The plaintiff failed to demonstrate that discovery might lead to relevant evidence or that facts essential to justify opposition to the motion were exclusively within the defendant's knowledge and control (see CPLR 3212[f]; Dalrymple v Morocho, 208 AD3d 751, 753; Hewitt v Gordon-Fleetwood, 163 AD3d 536, 537; Figueroa v MTLR Corp., 157 AD3d 861, 863).
BRATHWAITE NELSON, J.P., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court