Rogers v Consolidated Edison Co. of N.Y., Inc. (2024 NY Slip Op 00092)

Rogers v Consolidated Edison Co. of N.Y., Inc.

2024 NY Slip Op 00092

Decided on January 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
WILLIAM G. FORD
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2022-05833
 (Index No. 716170/21)

[*1]Prince Emanuel Rogers, plaintiff-respondent,
v
Consolidated Edison Co of New York, Inc., et al., appellants, Benjamin Rashad, et al., defendants-respondents.

Morris Duffy Alonso Faley & Pitcoff, New York, NY (Ira E. Goldstein, Iryna S. Krauchanka, and Kevin G. Faley of counsel), for appellants.
Block O'Toole & Murphy, LLP, New York, NY (Christina R. Mercado of counsel), for plaintiff-respondent.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for defendants-respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Consolidated Edison Co of New York, Inc., and Hector J. Bartolomei appeal from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered July 8, 2022. The order, insofar as appealed from, denied the cross-motion of the defendants Consolidated Edison Co of New York, Inc., and Hector J. Bartolomei for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
This action arises from a motor vehicle accident that occurred on February 28, 2020, on Fresh Pond Road in Queens, a two-lane roadway with a lane of traffic in each direction separated by a double-yellow line. At the time of the accident, the plaintiff was a passenger in a vehicle operated by the defendant Benjamin Rashid and owned by the defendant Ariel Roew (hereinafter together the nonmoving defendants). The vehicle Rashid was driving exited the parking lot of a restaurant, intending to turn left to travel southbound on Fresh Pond Road. Before Rashid entered the roadway, the operator of a vehicle traveling in the northbound lane stopped immediately to the left of Rashid's vehicle and waved him on. Rashid then proceeded out of the lot, crossing the northbound lane of travel in front of the vehicle whose operator had just waved him on, when the operator of a vehicle traveling in the southbound lane also stopped and waved him on. Rashid then crossed the double yellow line and began turning left onto the southbound lane. Shortly after Rashid's vehicle entered the southbound lane, it was struck by a vehicle operated by the defendant Hector J. Bartolomei and owned by the defendant Consolidated Edison Co of New York, Inc. (hereinafter together the moving defendants). Bartolomei had been traveling in the southbound lane of Fresh Pond Road when he approached the rear of the second vehicle that waved Rashid on, [*2]passing the second vehicle on the right side and colliding with Rashid's vehicle.
The plaintiff thereafter commenced this action against the defendants to recover damages for personal injuries he allegedly sustained in the accident. He subsequently moved, inter alia, for summary judgment dismissing the defendants' respective affirmative defenses alleging comparative negligence on his part. The moving defendants then cross-moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them. By order entered July 8, 2022, the Supreme Court, among other things, denied the moving defendants' cross-motion. The moving defendants appeal.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Dyakiw v Salian, 216 AD3d 619, 620 [internal quotation marks omitted]). "A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law" (Sanchez v Ageless Chimney, Inc., 219 AD3d 767, 768). "Vehicle and Traffic Law § 1143, entitled, '[v]ehicle entering roadway,' provides that '[t]he driver of a vehicle about to enter or cross a roadway from any place other than another roadway shall yield the right of way to all vehicles approaching on the roadway to be entered or crossed'" (Estate of Cook v Gomez, 138 AD3d 675, 677). "The operator of an oncoming vehicle with the right-of-way is entitled to assume that the opposing operator will yield in compliance with the Vehicle and Traffic Law" (Shuofang Yang v Sanacore, 202 AD3d 1120, 1121). "However, a driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision with another vehicle that allegedly failed to yield the right-of-way" (Reyes v Marchese, 96 AD3d 926, 927). In circumstances where a driver intends to "overtake and pass another vehicle upon the right" in conditions where it is otherwise permissible, he or she may "only [do so] under conditions permitting such movement in safety" (Vehicle and Traffic Law § 1123[b]). Moreover, "[t]here can be more than one proximate cause of an accident, and, generally, it is for the trier of fact to determine the issue of proximate cause" (Estate of Cook v Gomez, 138 AD3d at 676-677 [citations, alterations, and internal quotation marks omitted]).
Here, the moving defendants failed to establish, prima facie, that Bartolomei was free from fault in the happening of the accident, or that the alleged negligence of Rashid was the sole proximate cause thereof (see Woods v Burgos, 220 AD3d 688, 689). Contrary to their contention, the moving defendants' submissions in support of the cross-motion failed to eliminate triable issues of fact as to whether Bartolomei violated Vehicle and Traffic Law § 1123(b) by attempting to overtake and pass upon the right a stopped vehicle in conditions where it was not safe to do so. The moving defendants submitted, inter alia, dashcam footage of this nighttime accident from Bartolomei's perspective, which indicated that his view of the area surrounding the stopped vehicle that he passed on the right was partially obscured (see Vigdorchik v Vigdorchik, 209 AD3d 923, 924). The moving defendants therefore failed to eliminate triable issues of fact as to whether Bartolomei exercised reasonable care under the conditions presented, including, among other things, whether he should have stopped or at least lowered the rate of speed of his vehicle before attempting to pass the stopped vehicle, regardless of whether he had the right-of-way as compared to Rashid (see Miller v County of Suffolk, 163 AD3d 954, 956-957; Kadashev v Medina, 134 AD3d 767, 767-768; Canales v Arichabala, 123 AD3d 869, 870; Espiritu v Shuttle Express Coach, Inc., 115 AD3d 787, 789; cf. Moreno v Gomez, 58 AD3d 611, 612). To the extent the moving defendants assert that Bartolomei exercised reasonable care simply because he was traveling at or under the speed limit, their contention is without merit (see e.g. Ballentine v Perrone, 179 AD3d 993, 993-995). Since the moving defendants failed to meet their prima facie burden, we need not consider the sufficiency of the opposing papers (see Swinton v Kamiyama, 147 AD3d 803, 804).
The nonmoving defendants' assertion that the dashcam video footage was not in admissible form is improperly raised for the first time on appeal (see U.S. Bank Trust, N.A. v Rahmaan, 209 AD3d 1053, 1054; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 202).
MALTESE, J.P., FORD, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court