Bliwas v Paul (2024 NY Slip Op 02681)

Bliwas v Paul

2024 NY Slip Op 02681

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2023-03697
 (Index No. 513152/17)

[*1]Richard E. Bliwas, respondent, 
v
Bernard A. Paul, et al., appellants (and a third-party action).

Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellants.
Law Office of Hermann P. Gruber, P.C., Massapequa, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated December 18, 2020. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendants, Bernard A. Paul and MTA New York City Transit Authority (hereinafter the Transit Authority), to recover damages for personal injuries that the plaintiff allegedly sustained when his bicycle collided with a Transit Authority vehicle driven by Paul. Prior to the accident, the plaintiff was traveling eastbound on Metropolitan Avenue in Brooklyn and the defendants' vehicle was traveling westbound. The defendants moved for summary judgment dismissing the complaint, contending that the accident was caused by the plaintiff, who allegedly crossed a double yellow line separating eastbound and westbound traffic and struck their vehicle. In an order dated December 18, 2020, the Supreme Court denied the defendants' motion. The defendants appeal.
As there can be more than one proximate cause of an accident, a defendant driver moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident (see Oliinyk v Yusupov, 218 AD3d 602, 603; Ballentine v Perrone, 179 AD3d 993, 994). "'[A] person riding a bicycle on a roadway is entitled to all of the rights and bears all of the responsibilities of a driver of a motor vehicle'" (Oliinyk v Yusupov, 218 AD3d at 603, quoting Palma v Sherman, 55 AD3d 891, 891; see Vehicle and Traffic Law § 1231). "In general, a motorist is required to keep a reasonably vigilant lookout for bicyclists, to sound the vehicle's horn when a reasonably prudent person would do so in order to warn a bicyclist of danger, and to operate the vehicle with reasonable care to avoid colliding with anyone on the road" (Palma v Sherman, 55 AD3d at 891; see Vehicle and Traffic Law § 1146).
Here, the Supreme Court properly denied the defendants' motion, as they failed to establish, prima facie, their entitlement to judgment as a matter of law dismissing the complaint. In support of their motion, the defendants submitted, inter alia, transcripts of Paul's deposition [*2]testimony, the plaintiff's deposition testimony, and the deposition testimony of third-party defendant Brooke Bamford. Paul repeatedly testified at his deposition that he was in the right lane, that the plaintiff struck the right side or passenger side of the defendants' vehicle, that Paul did not see any double-parked vehicles on the eastbound side of Metropolitan Avenue, and that he walked around his vehicle to find the plaintiff on the ground on the passenger side. Following a break in testimony, Paul used a Transit Authority memorandum and accident report to refresh his memory and thereafter testified that the plaintiff was on the driver's side or left side, that the plaintiff was in the left eastbound lane after the accident, that the driver's side mirror of the defendants' vehicle was cracked, and that there were double-parked vehicles in the eastbound direction. Paul further testified that he was stopped prior to the impact, but failed to establish that he was fully within his lane prior to the accident, instead testifying that the left side of his vehicle was on the eastbound side. Bamford testified at her deposition that she did not recall if there was a double yellow line separating opposing traffic and did not recall if the plaintiff ever crossed the double yellow line prior to the contact with defendants' vehicle. Since Paul's testimony is self-contradictory, and Bamford's testimony does not support the defendants' contentions as to the happening of the collision, the defendants failed to establish their prima facie entitlement to judgment as a matter of law (see Oliinyk v Yusupov, 218 AD3d 602).
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
DUFFY, J.P., FORD, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court