Tsarenkov v Rosenbaum (2024 NY Slip Op 05365)

Tsarenkov v Rosenbaum

2024 NY Slip Op 05365

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2021-06384
 (Index No. 520185/18)

[*1]Marie Tsarenkov, respondent, 
v
David M. Rosenbaum, et al., appellants.

Cullen and Dykman LLP, New York, NY (Kenneth S. Buffaloe and Diana Neyman of counsel), for appellants.
Vaccaro & White, New York, NY (Steve Vaccaro of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated January 21, 2021. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The defendant Yehuda Z. Rosenbaum (hereinafter Rosenbaum) was driving a vehicle owned by the defendant David M. Rosenbaum (hereinafter together the defendants) when Rosenbaum collided with the plaintiff, who was riding a bicycle, at the intersection of Park Avenue and Bedford Avenue in Brooklyn. Rosenbaum was driving east on Park Avenue, and the plaintiff was cycling north on Bedford Avenue. The plaintiff commenced this action against the defendants to recover damages for personal injuries she sustained in the accident. The defendants moved for summary judgment dismissing the complaint. In an order dated January 21, 2021, the Supreme Court denied the defendants' motion. The defendants appeal.
"As there can be more than one proximate cause of an accident, a defendant driver moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Oliinyk v Yusupov, 218 AD3d 602, 603; see Ballentine v Perrone, 179 AD3d 993, 994). "[G]enerally, it is for the trier of fact to determine the issue of proximate cause" (Soto v Colletta, 225 AD3d 819, 820 [internal quotation marks omitted]; see Galloway v Lux Credit Consultants, LLC, 224 AD3d 891, 891). "The operator of a vehicle with the right-of-way is entitled to assume that others will obey the traffic laws requiring them to yield" (Saviano v TT of Massapequa, Inc., 223 AD3d 851, 852-853 [internal quotation marks omitted]; see Kirby v Lett, 208 AD3d 1174, 1175). At the same time, "a driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision [and] to see what there is to be seen through the proper use of his or her senses" (Ballentine v Perrone, 179 AD3d at 994; see Lopresti v Estate of Galante, 221 AD3d 798, 799).
Here, in support of their motion, the defendants submitted, inter alia, the transcripts of Rosenbaum's and the plaintiff's depositions. The defendants failed to establish, prima facie, that Rosenbaum was free from fault in the happening of the accident or that the alleged negligence of the [*2]plaintiff was the sole proximate cause thereof (see Rogers v Consolidated Edison Co. of N.Y., Inc., 223 AD3d 689, 691; Woods v Burgos, 220 AD3d 688, 689). In particular, the defendants failed to demonstrate that Rosenbaum kept a proper lookout as he approached the intersection or that he exercised reasonable care to avoid a collision with the plaintiff's bicycle (see Elkholy v Dawkins, 175 AD3d 1487, 1488; Rojas v Solis, 154 AD3d 985, 986).
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint.
BARROS, J.P., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court