First Franklin Fin. Corp. v Bridges (2024 NY Slip Op 06579)

First Franklin Fin. Corp. v Bridges

2024 NY Slip Op 06579

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-03424
 (Index No. 32106/07)

[*1]First Franklin Financial Corporation, respondent,
v
Nicole Bridges, et al., defendants, Deutsche Bank National Trust Company, etc., appellant.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Matthew D. Valauri of counsel), for appellant.
Friedman Vartolo LLP, New York, NY (Ronald P. Labeck of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Deutsche Bank National Trust Company appeals from an order of the Supreme Court, Kings County (Cenceria P. Edwards, J.), dated March 28, 2022. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to amend the caption and to extend the time to conduct a foreclosure sale of the real property at issue.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2007, the plaintiff, First Franklin Financial Corporation, commenced this action against, among others, the defendants Nicole Bridges, Evis Stephens, and Mortgage Electronic Registration Systems, Inc., as nominee for Accredited Home Lenders, Inc. (hereinafter Accredited), to foreclose a mortgage encumbering certain real property located in Brooklyn (hereinafter the property) in connection with a note issued by the plaintiff to Bridges. According to the plaintiff, Accredited was a lien holder of a junior mortgage encumbering the property that was obtained by Stephens after he purchased the property from Bridges. All of the defendants defaulted. In February 2011, the Supreme Court issued an order and judgment of foreclosure and sale upon the defendants' default. Thereafter, in December 2021, the plaintiff moved, inter alia, to amend the caption to add as a named defendant Deutsche Bank National Trust Company (hereinafter Deutsche Bank), as successor in interest to Stephens, and to extend the time to conduct a foreclosure sale of the property (hereinafter the plaintiff's December 2021 motion). Deutsche Bank opposed. In an order dated March 28, 2022, the court, among other things, granted those branches of the plaintiff's December 2021 motion. Deutsche Bank appeals.
As an initial matter, since it is undisputed that Stephens, as a prior owner of the property, defaulted in this action, Deutsche Bank, as his successor in interest, is precluded from raising any nonjurisdictional defenses (see Bank of N.Y. Mellon Trust Co., N.A. v Lagasse, 224 AD3d 800). Notably, Deutsche Bank never moved to vacate the order and judgment of foreclosure and sale. We note that Deutsche Bank submitted opposition papers to the plaintiff's December 2021 motion, which were considered by the Supreme Court. Thus, Deutsche Bank was not prejudiced by [*2]any lack of notice of the motion (see Matter of Brady v White, 168 AD3d 723, 724).
Deutsche Bank's remaining contentions are also without merit.
Accordingly, we affirm the order dated March 28, 2022, insofar as appealed from.
We have not considered the plaintiff's request for affirmative relief, as it did not appeal from the order (see Hecht v City of New York, 60 NY2d 57, 63; Lemanowicz v Zhenneng Wu, 208 AD3d 1179, 1181).
DUFFY, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court