Higgins v Miles (2025 NY Slip Op 02913)

Higgins v Miles

2025 NY Slip Op 02913

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
LILLIAN WAN
CARL J. LANDICINO, JJ.

2021-06881
 (Index No. 522750/18)

[*1]Marsha Higgins, plaintiff, 
v
Robert E. Miles, et al., respondents, Sonya T. Silvera, appellant, et al., defendant.

Jaime E. Gangemi (Kornfeld, Rew, Newman & Simeone, Suffern, NY [William S. Badura], of counsel), for appellant.
James F. Butler, Jericho, NY (Nancy S. Goodman of counsel), for respondents.
Ratsenberg & Associates, P.C., Brooklyn, NY (Ashley Cohen of counsel), for plaintiff.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Sonya T. Silvera appeals from a judgment of the Supreme Court, Kings County (Mark Partnow, J.), dated September 16, 2021. The judgment, upon an order of the same court dated August 19, 2021, granting the motion of the defendants Robert E. Miles and Lawrence Latimore for summary judgment dismissing the complaint and the cross-claims of the defendant Sonya T. Silvera insofar as asserted against them, is in favor of the defendants Robert E. Miles and Lawrence Latimore and against the plaintiff and the defendant Sonya T. Silvera dismissing the complaint and the cross-claims of the defendant Sonya T. Silvera insofar as asserted against the defendants Robert E. Miles and Lawrence Latimore.
ORDERED that the appeal from so much of the judgment as dismissed the complaint insofar as asserted against the defendants Robert E. Miles and Lawrence Latimore is dismissed, as the defendant Sonya T. Silvera is not aggrieved by that portion of the judgment (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the judgment is reversed insofar as reviewed, on the law, that branch of the motion of the defendants Robert E. Miles and Lawrence Latimore which was for summary judgment dismissing the cross-claims of the defendant Sonya T. Silvera insofar as asserted against them is denied, those cross-claims are reinstated, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Sonya T. Silvera payable by the defendants Robert E. Miles and Lawrence Latimore.
A vehicle operated by the defendant Sonya T. Silvera collided with a vehicle operated by the defendant Robert E. Miles and owned by the defendant Lawrence Latimore at an intersection in Queens. The plaintiff, a passenger in Silvera's vehicle, commenced this action against Miles, Latimore, "John Doe," and Silvera to recover damages for personal injuries that Silvera allegedly [*2]sustained as a result of the collision. Silvera asserted cross-claims against Miles, Latimore, and "John Doe" for common-law "indemnification/contribution." Miles and Latimore moved for summary judgment dismissing the complaint and Silvera's cross-claims insofar as asserted against them, contending that Silvera's negligence was the sole proximate cause of the collision. In an order dated August 19, 2021, the Supreme Court granted the motion. A judgment, upon the order, was entered in favor of Miles and Latimore and against the plaintiff and Silvera dismissing the complaint and Silvera's cross-claims insofar as asserted against Miles and Latimore. Silvera appeals.
There can be more than one proximate cause of an accident, and generally it is for the trier of fact to determine the issue of proximate cause (see Dowd v Kharieh Bros., Inc., 216 AD3d 739, 740; Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889; Cox v Nunez, 23 AD3d 427). An operator of a vehicle with the right-of-way is entitled to assume that other drivers will obey the traffic laws requiring them to yield (see Mu-Jin Chen v Cardenia, 138 AD3d 1126, 1127; Canales v Arichabala, 123 AD3d 869, 870). However, a driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision, to see what there is to be seen through the proper use of his or her senses, and to drive at a speed that is reasonable and prudent under the conditions, having regard to the actual and potential hazards then existing (see Vehicle and Traffic Law §§ 1146[a], 1180[a]; Mu-Jin Chen v Cardenia, 138 AD3d at 1127; Canales v Arichabala, 123 AD3d at 870; Brandt v Zahner, 110 AD3d 752, 752). "With respect to contribution, the critical requirement for apportionment under . . . CPLR article 14 is that the breach of duty by the contributing party must have had a part in causing or augmenting the injury for which contribution is sought" (Balanta v Guo Lin Wu, 220 AD3d 720, 721 [alteration and internal quotation marks omitted]; see Santoro v Poughkeepsie Crossings, LLC, 180 AD3d 12, 17).
Here, contrary to the Supreme Court's determination, Miles and Latimore failed to establish, prima facie, that Miles was free from fault in the happening of the collision and that Silvera's alleged negligence was the sole proximate cause of the collision. In support of their motion, Miles and Latimore submitted a transcript of the deposition testimony of the plaintiff and of Miles, which raised triable issues of fact as to whether Miles "kept a proper lookout or was traveling at a reasonable and prudent speed as he approached the intersection" (Ballentine v Perrone, 179 AD3d 993, 994-995; see Park v Giunta, 217 AD3d 661, 663; Lemanowcz v Zhenneng Wu, 208 AD3d 1179, 1181). Accordingly, the court should have denied that branch of the motion of Miles and Latimore which was for summary judgment dismissing Silvera's cross-claims insofar as asserted against them, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's request for certain affirmative relief is not properly before this Court since her appeal from the order dated August 19, 2021, has been dismissed, and she has not appealed from the judgment (see Hecht v City of New York, 60 NY2d 57, 61-62; Lemanowicz v Zhenneng Wu, 208 AD3d at 1181; Mixon v TBV, Inc., 76 AD3d at 157).
IANNACCI, J.P., GENOVESI, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court